Cunningham, P. J.
Plaintiff in error, as plaintiff below, brought his action on nine certain promissory notes, which defendant had executed and delivered to him as payee. The complaint was in the usual form. Defendant answered, admitting the execution and delivery of the notes. He then alleged that the notes were given in payment of a balance due on the purchase price of a saloon, including stock in trade and fixtures; that plaintiff agreed at the time of the sale aforesaid to secure the transfer to defendant of the'license under which the saloon was being operated, and a renewal of the same, and, that if plaintiff failed to secure the transfer of the license and the renewal thereof,' the contract of sale of the saloon should be null and void.
Defendant then alleges that plaintiff utterly failed to secure, the transfer of the license, and the renewal thereof, and that “on the 3rd day of April, A. D. 1909, elected to rescind the above set forth contract of sale, in accordance with the terms thereof, and repossessed himself of said saloon,” etc. In other words, defendant alleged that plaintiff elected to rescind the contract of sale for his, the plaintiff’s, own default.
*549 After thus answering defendant counter-claims for $700, which he had paid in cash at the time of the purchase of the saloon, in addition to the notes which he had given. The affirmative allegations of the answer were put ih issue by an appropriate reply. The pleadings and the evidence show clearly that defendant relied upon a rescission of the sale, and not upon damages, for the violation of the terms thereof. The evidence establishes beyond doubt that the property sold belonged to an estate of which plaintiff was the administrator, and he sold the same in his official capacity as administrator. The notes sued upon were given him personally by the defendant.
We entertain no doubt from the'record that the plaintiff advanced the money represented by the notes, to the estate, and personally took defendant’s notes for the money thus advanced. The defendant, in order to secure the plaintiff, gave to the latter a chattel mortgage on the saloon and fixtures. No part of the notes were ever paid, hence the plaintiff took possession of the saloon and the fixtures, under the chattel mortgage.
The evidence fails utterly to establish a rescission of the contract by either the plaintiff or the defendant; hence the defendant’s defense and counter-claim failed. The jury allowed the defendant a verdict of $200, indicating clearly that they treated the counter-claim, in spite of the pleadings to the contrary, as though based on a claim for damages, rather than recision. If the recision theory had been established, defendant would have been entitled to recover the entire $700 which he had paid in cash, and to a decree cancelling his notes.
Defendant’s own evidence shows unmistakably that he did not regard plaintiff’s action in taking possession of the saloon and its fixtures as an attempt oh plaintiff’s part to rescind the contract, for he testified that he afterwards sold a part of the property, and attempted to secure possession of other portions of it after the plaintiff had taken posses *550 sion of the same under the chattel mortgage. Moreover, defendant testified that, “I figured when I had paid him $7 00 and he took back everything that he had sold me, that he had got well worth his money.” And he further stated that he had made no inquiry concerning the disposition of any of the property and said: “I didn’t care after he had taken it.” He was then asked this question:
“Q. You testified this morning that the notes were in his-possession; that you turned the goods over to him and you considered that that settled the transaction ?”
To this question defendant answered:
“A. Yes, sir.”
Although plaintiff did not bring suit upon the notes until long after he had taken possession of the saloon under his chattel mortgage, defendant appears to have made no demand, until he filed his counter-claim, for the $700 which he had paid in cash, or the return of his notes, and he gave no explanation for his failure in this behalf.
There is evidence in the record indicating that the plaintiff proceeded irregularly under his chattel mortgage, and it may be, upon a proper answer, defendant would be entitled on this account to some relief. The judgment of the trial court will, therefore, be reversed, with leave to the defendant to amend his answer as he may be advised.

Judgment reversed.